**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES NGUYEN,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:06 CV 269 |
| | : | |
| v. | : | Judge Marbley |
| | : | |
| **ASHLAND INC., et al.** | : | Magistrate Judge Kemp |
| | : | |
| **Defendants.** | : | |

## AGREED PROTECTIVE ORDER

The parties hereto, having stipulated to the entry of a Protective Order under Rule 26(c), of the Federal Rules of Civil Procedure, and it appearing to the Court that such an Order is necessary, appropriate, and will facilitate discovery, IT IS HEREBY ORDERED THAT:

1.  The parties hereby designate as "confidential" any documents either party deems deserving of the protections of this order, including, but not limited to, all documents containing any information, property, assets, trade secrets or other things of value which have not been the subject of public disclosure.  Such documents shall include, but not be limited to, those documents constituting or referencing product announcement dates, marketing objectives and strategies, financial projections, planned product  or services offerings, inventions, designs, drawings, blueprints, software, source and object codes, product ideas, concepts, prototypes, features, flow charts, block diagrams, records, techniques, procedures, systems, methods, advertising and promotional materials, forms, patterns, lists of past, present, or prospective licenses and customers, ideas related to actual or anticipated business or research and development, employee handbooks, benefit guides and related documents,  personnel documents, data prepared for, stored in, processed by or obtained from an automated information

system belonging to or in the possession of either party, and information of a sensitive or personal nature, including, but not limited to the Plaintiff's financial information, social security number and medical records.  "Confidential" documents:

    a.    Shall be disclosed by the parties to no one except the parties, their attorneys (including the staff, secretarial, and clerical personnel of such counsel), any copying services that are engaged to copy "Confidential" documents, and any experts or consultants retained by the parties who have agreed to abide by the terms of this Protective Order, and to witnesses in preparation for or at deposition, or to witnesses in preparation for or at trial.  In no event shall a witness be permitted to retain a confidential document or any copies thereof;

    b.    Shall be maintained in confidence by the parties and their attorneys, experts, and consultants;

    c.    Shall be used only for the purpose of this litigation by the parties and their attorneys, experts and consultants; and

    d.    Shall not otherwise be disclosed or used by the parties, their attorneys, experts and consultants.

2.    Any summaries or notes prepared from any document marked "CONFIDENTIAL" are subject to the provisions of this Protective Order.

3.    No documents that are publicly available will be designated as "Confidential", including, but not limited to, documents filed with government agencies that are available under the Freedom of Information Act or similar laws, annual reports of public corporations, and other similar documents.

4.    The production of any document marked "CONFIDENTIAL" hereunder shall not constitute a waiver by either party of its right to refuse to produce said document on any grounds

in any other litigation, or waiver by either party of its right to object to the admissibility into evidence of any said document at trial, including the trial of the within action.

      5.      This Order shall not be deemed to encompass documents or information which were lawfully in the parties' possession prior to the filing of this action.

      6.      When a document designated as "Confidential" ceases to be secret and confidential as determined by the party that produced the document, all requirements to preserve the confidentiality of the document will cease.

      7.      The parties shall not file with the Court (except under seal in an envelope marked with the caption of the case, a list of contents, and the following notation: "Contains Confidential Information; To be opened only by or as directed by the Court"), any document, brief, pleading, discovery, or answers to discovery, including interrogatories, requests to produce, or deposition transcripts, which contain the confidential documents or information from the confidential documents, unless otherwise ordered by the Court, or mutually agreed upon by the parties. The parties shall attempt to minimize the filing of any exhibits under seal.

      8.      At the conclusion of this suit, by judgment or otherwise, the confidential documents, including those provided to experts or consultants, shall be returned to the producing party along with all copies thereof, at the written request of the producing party. Notwithstanding the foregoing, the attorneys of record may retain all correspondence, depositions, pleadings, briefs, memoranda, motions and other documents containing attorney-client privileged materials and/or attorney work product that refers to or incorporates "Confidential" information or documents.

      9.      Either party may bring before the Court, for ruling thereon, any problems or difficulties which arise as a result of this Order, or for the purposes of modifying the Order, or for an Order declaring documents designated confidential by a party as not confidential. Until

the Court rules on such motion, documents designated as confidential still remain confidential under the terms of this Order.  If either party disputes the other party's designation of a document as confidential, the burden of proof regarding the confidentiality of the document resides with the party asserting confidentiality.

10. This Order is subject to modification by the Court upon application of either party.

**SO ORDERED:**

/s/ Terence P. Kemp
United States Magistrate Judge

| | |
|---|---|
| **AGREED:** <br><br> */s/ Felix C. Wade* <br> Felix C. Wade          (0024462) <br> Amanda L. Wickline      (0076807) <br> SCHOTTENSTEIN ZOX & DUNN <br> 250 West Street <br> Columbus, Ohio  43215 <br> Telephone: (614) 462-2700 <br> Facsimile:  (614) 462-5135 <br> Attorneys for Defendants | |
| */s/ Rayl L. Stepter*      *(per electronic authorization)* <br> Rayl L. Stepter          (0047505) <br> Attorney at Law <br> Bicentennial Plaza <br> 111 W. Rich Street, Suite 430 <br> Columbus, Ohio  43215 <br> Telephone:  (614) 462-9790 <br> Facsimile:  (614) 463-9877 <br> Attorney for Plaintiff | |