IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Charles Nguyen,                    :

      Plaintiff,            :

   v.                             :     Case No. 2:06-cv-0269

Ashland Oil, Inc., et al.    :     JUDGE MARBLEY

      Defendants.          :


<u>OPINION AND ORDER</u>

This employment discrimination case is before the Court on a motion to remand filed by plaintiff, Charles Nguyen.  On August 12, 2005, Mr. Nguyen filed a complaint in the Franklin County Court of Common Pleas alleging, *inter alia*, that his employment with defendant, Ashland Oil, was terminated because of Mr. Nguyen's race, national origin and association with other employees that brought suit against Ashland.  Both Ashland and one of Mr. Nguyen's former supervisors, Warren Robbins, were named as defendants.

On April 13, 2006, the defendants removed the case to this Court alleging that Mr. Nguyen's state law claims "depend on federal law, specifically, the ERISA provisions codified at 29 U.S.C. § 1132 and 29 U.S.C. § 1140, and that removal was proper under Section 1441(a) of Title 28 of the United States Code." (Defendants' Memo. in Opp. to Plaintiff's Mot. for Remand at p. 2).  They assert that the removability of the state court action first became apparent to them on March 15, 2006, the day Mr. Nguyen filed a complaint in this Court in Case No. 2:06-cv-193.  That complaint alleges multiple counts of employment discrimination under Title VII, but also pleads one count of benefit-related termination of employment, which is actionable under 29 U.S.C. § 1140.  Mr. Nguyen

has now asked the Court to remand the case to the Franklin County Court of Common Pleas.  The motion is fully briefed and ripe for decision.  For the following reasons, the motion to remand will be granted.

I.

In his complaint, Mr. Nguyen pleads three separate claims for discrimination based solely upon Ohio Revised Code § 4112.99.  Such state law claims, asserted by one Ohio resident against another, are clearly not removable.  However, the complaint contains the following prayer for relief:

> **WHEREFORE**, Plaintiff prays, as to Defendants, jointly and severally, as follows:
>
> (a)  That this Court award such equitable relief as is proper as compensation for the loss of Plaintiff's opportunity to engage in gainful employment, including relief in the form of front pay;
>
> (b)  That this Court award Plaintiff an amount in excess of $25,000 as compensation for his adverse health effects, for the loss of his opportunity to engage in gainful employment, and future earnings and for humiliation, embarrassment, loss of reputation, and loss of self-esteem;
>
> (c)  That this Court award Plaintiff all lost wages and benefits;
>
> (d)  That this Court award Plaintiff punitive damages;
>
> (e)  That this Court award Plaintiff reasonable attorney's fees and the costs of this action; and
>
> (f)  That this Court grant Plaintiff such other and further relief as may be just and equitable.

(Compl. at p. 4 (emphasis in original)).

2

In their notice of removal, the defendants assert that once Mr. Nguyen filed his federal complaint, it became apparent that the demand for recovery of "benefits" in Mr. Nguyen's state court complaint was really a request for an award of benefits granted under ERISA. The defendants, therefore, argue that Mr. Nguyen's state law claims are completely preempted under the ERISA statutory scheme, which grants federal courts exclusive jurisdiction over ERISA claims. See, e.g., Taylor-Sammons v. Bath, 398 F.Supp.2d 868, 873 (S.D. Ohio 2005)("Under [the complete preemption] exception, a complaint may be removed to federal court and will be treated as alleging a federal cause of action for purposes of removal even though the complaint, on its face, alleges only a state law cause of action"). The question before the Court is whether Mr. Nguyen's state law causes of action are completely preempted by ERISA.

In his motion to remand, Mr. Nguyen contends that his complaint seeks recovery only under Ohio law and that the mention of lost "benefits" is merely for damage calculation purposes. Mr. Nguyen argues that this is not an ERISA issue, and, therefore, the case must be remanded to state court because this Court lacks subject-matter jurisdiction.

                                    II.

Removal is governed by 28 U.S.C. §§ 1441, et. seq. The United States Supreme Court has instructed lower courts to read §1441 narrowly with "[d]ue regard for the rightful independence of state governments... ." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Only state court actions that could have originally been filed in federal court, either pursuant to federal question or diversity of citizenship jurisdiction, may be removed to federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

In determining whether an action is removable to federal court

                                    3

under § 1441(b), the "well-pleaded complaint rule" generally applies. Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (1998). One exception to this rule, however, "is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Gen. Motors Corp., 481 U.S. 58, 63 (1987). When this exception applies, a complaint may be removed to federal court and will be treated as if alleging a federal cause of action, for purposes of determining whether removal was proper, even though the complaint, on its face, alleges only state law claims. Peters v. Lincoln Electric Co., 285 F.3d 456, 468 (6th Cir.2002).

ERISA permits a beneficiary or participant in an ERISA-backed plan to bring a civil action in federal court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). When a participant or beneficiary seeks remedy under ERISA, federal jurisdiction may be invoked and a plaintiff may file suit in, or a defendant may remove a case to, federal court, even if the claim for ERISA benefits has been pleaded under state law. 29 U.S.C. § 1144(a); see, e.g., Aetna Health Care, Inc. v. Davila, 542 U.S. 200 (2004)(state law claims completely pre-empted by ERISA and removable to federal court); Metropolitan Life Ins. Co., 481 U.S. 58 (same); Peters, 285 F.3d 456 (same); Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir.1991)(same). The issue in removal cases that potentially triggers ERISA preemption is whether the plaintiff's state law claims "relate to" ERISA pursuant to the preemption clause in § 1144(a), see, e.g., Cromwell, 285 F.3d at 468-69, or whether the relationship to ERISA is peripheral and cannot trigger federal jurisdiction, see, e.g., Wright v. General Motors Corp., 262 F.3d 610, 614-15 (6th Cir.2001). The

Court first turns to <u>Wright</u> for guidance on the issue presented here.

In <u>Wright</u>, a terminated female African-American employee brought action in state court against her employer alleging race and sex discrimination. In her complaint, she alleged that "Defendant General Motors has also refused to issue conversion authorization of life insurance to plaintiff, resulting in the loss of $75,000 to plaintiff and her family." <u>Wright</u>, 262 F.3d at 614. Because of this and similar allegations, the defendants removed the case to federal court under the premise of ERISA preemption, arguing that Ms. Wright was attempting to enforce her rights under ERISA. Ms. Wright's motion to remand was denied. On appeal, the Court of Appeals reversed:

> Wright insists that her 40-page complaint, while prolix, does not seek "to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). She claims that her termination from GM was an act of race and sex discrimination and retaliation, for which she is entitled to damages under Michigan law. She argues that these damages include, *inter alia*, the proceeds of a life insurance policy on her late husband's life-proceeds to which she is entitled under GM's Salaried Life and Disability Benefit Program and Salaried Health Care Program.
>
> Specifically, in paragraph 27 of her complaint, Wright alleges: "Defendant General Motors has also refused to issue conversion authorization of life insurance to plaintiff, resulting in the loss of $75,000 to plaintiff and her family."
>
> We must decide, then, whether Wright's claim to these insurance policy proceeds amounts to a claim "to recover benefits due to h[er] under the terms of h[er] plan, to enforce

> h[er] rights under the terms of the plan, or
> to clarify h[er] rights to future benefits
> under the terms of the plan." §
> 1132(a)(1)(B). We conclude that it does not.
> As this Court stated in *Crabbs v. Copperweld
> Tubing Products Company*, 114 F.3d 85 (6th
> Cir.1997), "[e]ven if an action refers to a
> plan, ... the action will not relate to the
> plan for preemption purposes when the action
> only peripherally affects the plan." *Id.* at
> 90 (internal quotation marks and citation
> omitted). We believe that Wright's reference
> to the life insurance "conversion
> authorization" of the GM Salaried Life and
> Disability Benefit Program and Salaried Health
> Care Program, properly construed, is simply a
> reference to specific, ascertainable damages
> she claims to have suffered as a proximate
> result of her discriminatory termination.
> Hers is not a lawsuit claiming wrongful
> withholding of ERISA covered plan benefits;
> it is a lawsuit claiming race and sex
> discrimination and retaliation resulting in
> damages, one component of which is a sum owed
> under the provision of the GM plan.
>
> Certainly, when the complaint is viewed as a
> whole, Wright is not alleging a "§
> 1132(a)(1)(B) type" action to enforce the
> ERISA plan. Thus, since it is not completely
> preempted, it is not subject to removal to the
> federal courts.

Id. at 614-15.

In attempting to distinguish Wright, the defendants argue that in Mr. Nguyen's pending federal lawsuit, he "*does* allege that the Defendants violated ERISA in the very act of terminating him, and not simply that the loss of ERISA benefits constitutes one category among others of specific damages caused by that termination." (Defendants' Memo. in Opp. to Plaintiff's Mot. for Remand at p. 11 (emphasis in original)). The Court finds this argument unpersuasive because the defendants' analysis focuses on Mr. Nguyen's federal complaint and not the complaint currently before

the Court.  See, e.g., Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)("whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill of declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose").

The complaint in the instant case, like the complaint in Wright, does not seek "to recover benefits due ... under the terms of [Mr. Nguyen's] plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  When Mr. Nguyen's complaint is viewed as a whole, it appears that he is not alleging a "§ 1132(a)(1)(B) type" action to enforce the ERISA plan. Instead, Mr. Nguyen's reference to "all lost wages and benefits," properly construed, is simply a reference to specific, ascertainable damages he claims to have suffered as a proximate result of the alleged race and national origin discrimination cited in the complaint.  His single reference to benefits in the prayer of the complaint does nothing more than suggest that there is some compensation due to him from his employer for economic loss associated with the termination of his employment, and that part of that loss can be measured by the value of the benefits that were part of his compensation package.  If he prevails on this claim, he will not be awarded benefits under an ERISA plan, bur rather damages directly from Ashland, as an employer.  As Wright indicates, the fact that those damages might be measured by the value of a benefit provided by an ERISA plan does not convert a state law claim into a cause of action cognizable under, and therefore preempted by, ERISA.

Decisions from other courts fully support this conclusion.

7

For example, in Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1405 (9th Cir.1988), the court held that a state-law claim for tortious interference with contract "is not preempted by ERISA simply because [the plaintiff] sought to recover lost salary and benefits."  In Yageman v. Vista Maria, Sisters of the Good Shepard, 767 F.Supp. 144, 145 (E.D. Mich.1991), the court held that discrimination claims pleaded under Michigan's Elliot-Larsen Civil Rights Act, which is similar to O.R.C. § 4112.99, were not preempted by ERISA, noting that although plaintiff made a claim for lost benefits, "such allegations relate only to the damages plaintiff has suffered as a result of defendant's alleged discrimination against plaintiff" and that the fact that plaintiff may have lost ERISA benefits when his employment was terminated "does not convert plaintiff's claim into a claim under ERISA." Finally, in Sears v. Chrysler Corp., 884 F.Supp. 1125, 1131 (E.D. Mich.1995), the court, citing cases from, inter alia, the Courts of Appeals for the Third, Fifth, Ninth, and Tenth Circuits, held that a claim such as Mr. Nguyen's is simply a claim for the value of the benefits lost and not a direct claim for those benefits, and that "a request for wrongful termination damages derived in part from the value of lost benefits does not bring a claim within ERISA's preemptive force."  The fact that Mr. Nguyen has filed a separate claim in federal court for ERISA-based discrimination does not alter the nature of the state-law claim he pleaded in the Common Pleas Court.  Accordingly, his claims are not pre-empted by ERISA, and this Court lacks subject-matter jurisdiction to hear the case.

III.

Based on the foregoing, Mr. Nguyen's motion to remand (doc. #8) is GRANTED.  The case is hereby REMANDED to the Franklin County Court of Common Pleas.


     s/Algenon L. Marbley
    Algenon L. Marbley
    United States District Judge

8